UNITED STATES DISTRICT COURT

MIDDL DISTRICT OF LOUISIANA

| | |
|---|---|
| **TONY NICK POSTON, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-52-BAJ-SDJ** |
| **COTTONMOUTH BOATS, LLC, et al.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 9, 2021.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDL DISTRICT OF LOUISIANA

**TONY NICK POSTON, JR.**                                    **CIVIL ACTION**

**VERSUS**                                                          **NO. 21-52-BAJ-SDJ**

**COTTONMOUTH BOATS, LLC, et al.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Remand (R. Doc. 5). Plaintiff requested and was granted an additional 20 days—until April 1, 2021—to respond to the Motion. Nonetheless, Plaintiff allowed the extended deadline to pass without filing a response or otherwise seeking additional time. Then on April 6, 2021, Plaintiff filed an untimely Opposition (R. Doc. 8) without leave of Court. While the Court has reviewed Plaintiff's untimely filing, it notes that the inherent defects in this particular removal cannot be cured by Plaintiff, regardless of the timing of his Opposition.

For the reasons that follow, the Court **RECOMMENDS** that the Motion to Remand (R. Doc. 5) be **GRANTED** and that Plaintiff's cause of action be **REMANDED** to the 23rd Judicial District Court for further proceedings.

**I.    DISCUSSON**

Plaintiff filed his Petition for Damages in the 23rd JDC, "seeking damages arising out of breach of an agreement to build . . . a 19 foot flat bottom recreational fishing and pleasure boat, and [] a 20 foot V-bottom recreational fishing and pleasure boat, against Cottonmouth Boats, LLC . . . ." (R. Doc. 1 at 1). Cottonmouth responded by filing an "Answer, Affirmative Defenses and

Reconventional Demand," asserting what it describes as "state law fraud claims against Poston alleging Poston misrepresented how the boat was damaged in hopes to have Cottonmouth bear the cost of the repair." (R. Doc. 5 at 1). After being served with Defendant's Reconventional Demand, Plaintiff removed his own cause of action to federal court, claiming federal question jurisdiction existed because:

> Defense claimed by [Cottonmouth] in reconvention of maritime collision and fraud in the reconventional demand of Cottonmount Boats, LLC, is cognizable in federal court pursuant to its general maritime federal question jurisdiction.

(R. Doc. 1 at 2). Following removal, Defendant filed the instant Motion to Remand (R. Doc. 5), alleging remand is proper because: "(1) the Court lacks subject matter jurisdiction as counter claim and/or defenses based on federal law cannot create federal jurisdiction pursuant to 28 U.S.C. § 1331; and (2) claims under general maritime law cannot be removed to federal court absent another independent grant of federal subject matter jurisdiction." (R. Doc. 5 at 2).

### A.  Remand is Warranted

While Defendant is generally correct and its arguments do warrant remand, *see Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002) ("responsive pleadings by the defendant [cannot] establish 'arising under' jurisdiction"), *Vaden v. Discover Bank*, 556 U.S. 49, 66 (2009) ("a counterclaim . . . does not provide a key capable of opening a federal court's door"), *and Jackson v. Chem Carriers*, LLC, 2019 WL 1906261, at *3 (M.D. La. Apr. 3, 2019) (recognizing the "long-established rule that general maritime law claims . . . are not removable . . . absent some basis for original federal jurisdiction other than admiralty"), the answer is even simpler.

Section 1441(a) limits removal to *defendants*. 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction,

may be removed by the defendant or the defendants, to the district court"). And a plaintiff, against whom a counterclaim has been filed, is not a "defendant" for purposes of removal. *See Horton v. Nacogdoches Indep. Sch. Dist.*, 81 F. Supp. 2d 707, 710 (E.D. Tex. 2000) ("Simply put, counterclaims do not allow plaintiffs to remove cases which they originally chose to bring in state court. Numerous courts have reached this same result."); *Tindle v. Ledbetter*, 627 F. Supp. 406, 407 (M.D. La. 1986) ("The Justices were joined as defendants in reconvention under article 1064 of the Louisiana Code of Civil Procedure . . . . Thus, the Justices must be considered as additional defendants in counterclaim and . . . they cannot remove this suit to federal court."); *Scott v. Communications Servs., Inc.*, 762 F. Supp. 147, 150 (S.D. Tex. 1991) ("CSI does not become a defendant under § 1441(a) when a defendant files a counterclaim against it. . . . No court since 1938, however, has held that the plaintiff may remove a case as counter-defendant . . . ."); *OPNAD Fund, Inc. v. Watson*, 863 F. Supp. 328, 331 (S.D. Miss. 1994) ("The bare text of section 1441(a) mentions only defendants, not counter-defendants, as parties eligible to remove. . . . [Therefore, only a defendant may remove an action."); *see also* 14 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3730 (rev. 4th ed. 2020) ("Thus, plaintiffs cannot remove, even when they are in the position of defendants with regard to a counterclaim asserted against them.").

As one court aptly noted, "the well-established rule is that the plaintiff, who chose the forum, is bound by that choice, and may not remove the case." *Scott v. Communications Servs., Inc.*, 762 F. Supp. 147, 150 (S.D. Tex. 1991). Plaintiff is therefore bound by his decision to file in state court and remand is warranted. For this reason, the Court **recommends** that **remand** be **granted**.

**B.     Defendant's Requests for Attorney's Fees and Costs**

Defendant has also requested an award of "the attorney's fees and costs incurred in order to remand the case back to state court," pursuant to 28 U.S.C. § 1447(c). But an award of costs and expenses under § 1447(c) is not mandatory and remains within the Court's discretion. Here, Defendant has requested the costs it has already incurred in seeking remand; however, it provides the Court with no information as to the amount. The amount should be known to Defendant. Because the Court has not been provided with any information as to the amount of costs incurred by Defendant, the Court **recommends** its request for attorney's fees and costs be **denied**.

## II.    CONCLUSION

For the reasons given above, the Court **RECOMMENDS** that Defendant's Motion to Remand (R. Doc. 5) be **GRANTED** and that this case be **REMANDED** back to the 23rd Judicial District Court for further proceedings. Additionally, the Court **RECOMMENDS** that Defendant's request for an **award** of attorney's fees and costs be **DENIED**.

Signed in Baton Rouge, Louisiana, on April 9, 2021.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**